UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE E. TINSLEY,

                        Plaintiff,                              Case Number 12-13163
                                                          Honorable David M. Lawson
v.                                                 Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION IN PART, GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT IN PART, DENYING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT, AND REMANDING MATTER
FOR FURTHER PROCEEDINGS**

Plaintiff Dwayne E. Tinsley had been receiving Supplemental Security Income benefit payments as a disabled child. His disability was subject to redetermination once he attained age eighteen, which occurred on May 31, 2007. 42 U.S.C. § 1382c(a)(3)(H)(iii). After conducting such review, the Commissioner determined that the plaintiff was not disabled. The plaintiff filed the present action on July 18, 2012 seeking review of the Commissioner's decision that the plaintiff's disability status ended on May 1, 2007. The case was referred to United States Magistrate R. Steven Whalen pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgement to reverse the decision of the Commissioner and remand the case to the Commission. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Whalen filed a report on August 27, 2013 recommending that the defendant's motion for summary judgment be denied and the plaintiff's motion for summary judgment be granted in part and the case be remanded for further

proceedings.  The defendant has not filed objections, but the plaintiff filed objections to one aspect of the recommendation on September 10, 2013.  This matter is now before the Court.

The plaintiff, who is now twenty-six years old, was found disabled in 1994 because of learning deficits and mild mental retardation attributable to lead poisoning when he was six years old.  He attended special education classes and received a high school diploma.  The plaintiff received speech and social work services and was in special education classes full-time.   He has never worked.

After the plaintiff reached age eighteen, the Social Security Administration (SSA) reviewed plaintiff's eligibility under the definition of disability for adults and determined that his disability ceased, effective May 1, 2007.  A disability hearing officer reconsidered the issue and reached the same conclusion.  The plaintiff made a timely request for an administrative hearing.  On July 1, 2009, the plaintiff appeared before ALJ James N. Gramenos when he was twenty-two years old. ALJ Gramenos filed a decision on May 5, 2010 in which he found that the plaintiff's disability status ended on May 1, 2007 and that the plaintiff is no longer eligible for Social Security disability benefits.  The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 416.920(a).  The ALJ noted that the first step is to apply the rule used for individuals who are engaging in substantial gainful activity, 20 CFR 416.920(b), but this step is not used for reviewing disability at age eighteen, 20 CFR 416.987(b); the plaintiff suffered from a learning disorder by history and speech and language disorder, impairments which were "severe" within the meaning of the Social Security Act (step two); since at least May 1, 2007, none of those impairments alone or in combination met or equaled a listing in the regulations (step three); and, the plaintiff had no past relevant work (step four).

-2-

In applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform a limited range of unskilled work. However, the ALJ found that the plaintiff had the following limitations: he is not able to communicate effectively in either writing or reading material; would be limited to unskilled jobs that would require little or no judgment and can be learned in a short period of time; has the functional mental ability to learn to perform simple one step to up to a three step unskilled work task; and has the mental functional capacity to engage in unskilled work activity that does not require exposure to high levels of stress such as would be expected in occupations that require working with the general public, or an actual moving assembly line job. A vocational expert testified that the plaintiff would be able to perform unskilled work, including representative occupations such as assembler, visual inspector, or hand packager. Based on these findings and using Medical Vocational Rule 204.00 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on June 6, 2012.

After the plaintiff sought judicial review of that decision, he filed a motion for summary judgment raising three issues addressed by the magistrate judge. First, the ALJ failed to evaluate the medical opinions of the plaintiff's treating psychiatrist, Dr. Daniel Appel. Second, the ALJ failed to fully develop the record. Third, the Commissioner's decision is not supported by substantial evidence. The magistrate judge rejected the first and third arguments and agreed in part with the second. The magistrate judge found that several medical sources had recommended additional intelligence quotient (IQ) testing, and a remand was necessary to develop the record on that score.

The Commissioner did not object to the recommendation to remand for further proceedings. However, the plaintiff filed timely objections to the magistrate judge's finding that the treating physician rule is inapplicable to Dr. Appel's opinion that the plaintiff has psychotic and antisocial personalities disorders with a global assessment of functioning (GAF) score of 30.

The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, n.2 (1980); *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1)(c).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the file, the report and recommendation, and the plaintiff's objections and has made a *de novo* review of the administrative record in light of the parties' submissions. Th Court concludes that the plaintiff's objection has merit.

-4-

The crux of the magistrate judge's determination as to Dr. Appel was that his diagnosis came at the beginning of his treatment relationship with the plaintiff, and therefore he could not be considered a treating source because he had not developed a longitudinal relationship with the plaintiff justifying the deference the rules accord to treating sources. "In order to determine whether the ALJ acted properly in disagreeing with a medical source, [the court] must first determine the medical source's classification," *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010), because "not all medical sources need be treated equally," *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007). The Social Security regulations classify "acceptable medical sources into three types: nonexamining sources, nontreating (but examining) sources, and treating sources." *Smith*, 482 F.3d at 875.

The Secretary defines a "treating source" as a "physician . . . who provides . . . medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with" the claimant. 20 C.F.R. § 404.1502. "[A]n ongoing treatment relationship with an acceptable medical source [occurs] when the medical evidence establishes that [the claimant] see[s], or ha[s] seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the claimant's] medical condition(s)." *Ibid.* Another rule promulgated by the Secretary states that: "more weight [will be given] to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 404.1527(c)(2). The Sixth Circuit has consistently applied this rule. A treating physician's opinion

-5-

should be given greater weight than those opinions of consultative physicians who are hired for the purpose of litigation and who examine the claimant only once. *See Jones v. Sec.'y of Health & Human Servs.*, 945 F.2d 1365, 1370 & n.7 (6th Cir. 1991); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 90 (6th Cir. 1985). If a treating physician's opinion is not contradicted, complete deference must be given to it. *Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1070 (6th Cir. 1992); *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984). However, a treating physician's opinion may be rejected if there is good reason to do so. *Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir. 1988).

The plaintiff concedes that Dr. Appel had not achieved treating source status at the initial examination, but he argues that with continued treatment, Dr. Appel became a treating source within the meaning of the rule. And he points to treatment notes indicating that throughout his contacts with Dr. Appel, his diagnosis did not change. The Court agrees.

Dr. Appel, a psychiatrist at Northeast Guidance Center, examined and treated the plaintiff six times in the year preceding the July 2009 administrative hearing. At the first visit in August 2008, Dr. Appel diagnosed the plaintiff with a psychotic disorder, and antisocial personality disorder, and stated an opinion that the plaintiff was dangerous to others. Tr. 304, 306. Dr. Appel reaffirmed the initial diagnosis at each of the plaintiff's subsequent visits. Tr. 308, 309, 311, 313, 314. Even if the plaintiff was not a treating source at the time of the initial visit, Dr. Appel's diagnoses by the time of plaintiff's fifth and sixth visits are entitled to the deference accorded to treating source opinions under the treating physician rule.

The ALJ did not mention Dr. Appel in the administrative decision. The Sixth Circuit has held repeatedly that the failure to abide by 20 C.F.R. § 404.1527(c)(2) (pledging to "always give

-6-

good reasons in our notice of determination or decision for the weight we give your treating source's opinion") requires reassessment by the ALJ. *Hensley v. Astrue*, 573 F.3d 263, 267 (6th Cir. 2009) (stating that the court does "not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion" (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004))); *see also Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011); *Blakeley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 408 (6th Cir. 2009); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 245-46 (6th Cir. 2007). When the case is taken up again upon remand, the Commissioner also must address this shortcoming in the decision.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion with the exception noted above.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #18] is **ADOPTED IN PART**.

It is further **ORDERED** that the plaintiff's objections [dkt. #19] are **SUSTAINED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #12] is **GRANTED IN PART**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt. #16] is **DENIED**.

It is further **ORDERED** that the matter is **REMANDED** to the Commission for further administrative proceedings.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: September 30, 2013

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 30, 2013.

s/Shawntel Jackson
SHAWNTEL JACKSON